```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __8/8/2024__
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FACTOR 75, LLC, et al., | |
|         Plaintiffs, | 24-CV-4094 (JPC) (BCM) |
| -against- | **ORDER RE SEALING** |
| RUPRECHT COMPANY, | |
|         Defendant. | |

**BARBARA MOSES, United States Magistrate Judge.**

On May 23, 2024, plaintiffs Factor 75, LLC and Grocery Delivery E-Services USA Inc. (collectively, Factor) filed a miscellaneous action, docketed as *ABC v. DEF*, No. 24-MC-235 (S.D.N.Y. May 23, 2024), for the sole purpose of seeking leave to file their Complaint against defendant Ruprecht Company (Ruprecht) entirely under seal. Factor explained that it did so for fear of violating a confidentiality provision in the parties' underlying Master Supply Agreement (MSA). *See* Kleban Aff. (Dkt. 1-3 in *ABC v. DEF*) ¶ 6 ("Out of an abundance of caution and to avoid any claim that Factor has violated the MSA's confidentiality provisions, Factor seeks to file the Complaint and its accompanying exhibits initially under seal."). The case was then given the civil docket number shown above and assigned to the Hon. John P. Cronan, United States District Judge, who referred it to me on July 23, 2024. (Dkt. 13.)

Factor's sealing motion remains pending and undecided, and its Complaint remains under temporary seal. On July 22, 2023, Ruprecht filed a letter-motion in which it states that it "takes no position on the necessity of maintaining that seal[.]" Def. Ltr. (Dkt. 11) at 1. However, Ruprecht filed its Answer and Counterclaim (Dkt. 12) under temporary seal, and requests leave to maintain it under seal, both "to both maintain parity with Plaintiff's Complaint and to prevent the disclosure of nonpublic, confidential competitive business information revealed in the counterclaims." *Id*. Ruprecht does not further specify the nature of the nonpublic, confidential competitive business

information revealed in the counterclaims. Instead, it requests time to confer with Factor, after which, it states, the parties will present a more tailored application for "certain portions of the filing to remain protected from public disclosure." *Id*. at 2.

Since plaintiffs aver that they filed their Complaint under temporary seal out of "an abundance of caution," for fear of defendant's response, and since defendant "takes no position" on maintaining that seal, plaintiffs' sealing application is DENIED. No later than **August 23, 2024**, plaintiffs must refile the Complaint in public view. As to the Answer and Counterclaims, the parties must promptly meet and confer as to whether any portions of that filing warrant redaction under the standards set forth in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006), and its progeny. No later than **August 23, 2024**, defendant must either advise the Court that the temporary seal may be lifted or file a tailored sealing application in compliance with Moses Ind. Prac. § 3.

Dated: New York, New York  
      August 9, 2024

SO ORDERED.

_____  
**BARBARA MOSES**  
**United States Magistrate Judge**